## JAMES A. SEDDAN *v.* SAMUEL TEMPLETON.

Until final judgment, confirming a judgment by default, has been entered on the minutes of the court, the defendant has a right to move to set aside the judgment by default, and to file an answer.

ON an application for a *mandamus* to the judge of the District Court of Carroll, *J. N. T. Richardson*, J. *R. H. Marr*, for applicant. The judgment of the court was pronounced by

SLIDELL, J. This is an application by the plaintiff in a cause pending in the District Court of the Parish of Carroll. The applicant prays this court to grant a *mandamus* to the district judge, "ordering him to sign the judgment rendered in this cause, and to have said judgment entered on the minutes of the court; which said judge has refused to do."

A transcript of the record of the proceedings in the court below, is before us. It appears that a judgment by default was entered against *Templeton* at the May term, 1851; that at the November term, the plaintiff offered evidence, for the purpose of obtaining a final judgment; that the judge had orally expressed his satisfaction with the evidence, and told the plaintiff's attorney to take a judgment. But before a final judgment was entered on the minutes, and before the court had ordered the clerk to make any such entry on his minutes, the defendant's attorney requested a suspension of the proceedings, until he could see his client. No entry of final judgment has ever been made upon the minutes of the court. On the contrary, at a subsequent day of the same term, upon filing an affidavit and a prayer for further time, the defendant obtained an order, allowing him until the first day of the next term of the court, to file an answer.

Here was a mere judgment by default. Until final or confirmatory judgment, duly entered of record, the defendant had a right to move the court for leave to set aside the default and file an answer. Whether further time should be allowed him to answer under the peculiar circumstances stated in the affidavit, was a matter for the sound discretion of the district judge. In all kindred

matters, which merely involve a delay of the cause, a discretion is vested in the district judge. If this court can interfere at all in such matters, it can, certainly, properly interfere only where there is a clear abuse of the discretion, tending to create a manifest failure of justice, and permanently frustrate the right of a litigant to have his cause placed in such a condition, as to enable him to have the benefit of the appellate jurisdiction, which the Constitution has conferred upon this court.

This court has, unquestionably, the power to award the writ of *mandamus* in causes which fall within its appellate jurisdiction, and in the necessary maintenance of that jurisdiction. But it is a power which we very rarely exercise, as the records of this court will show.

There is no sufficient ground for the interference of the court in the case at bar. The application is therefore dismissed, at the costs of the applicant.